UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES FOSTER,

Petitioner,

v.

WARDEN FCI FORT DIX,

Respondent.

Civil Action No. 25-2165 (RK)

MEMORANDUM & ORDER

This matter comes before the Court on Petitioner's Motion opposing the application of Standing Order 2025-06, which temporarily stayed civil matters involving the United States as a party during the government shutdown. (*See* ECF Nos. 13-14.) The Chief Judge entered Standing Order 2025-06 on October 6, 2025, shortly after the briefing in this case was complete. That Standing Order is no longer in effect, and the Court denies that aspect of Petitioner's Motion as moot. Petitioner also seeks a decision on his § 2241 Petition, which challenges the denial of First Step Act ("FSA") credits by the Bureau of Prisons ("BOP"). Having reviewed the parties' arguments, the Court denies without prejudice Petitioner's request because the record is not complete. The Court will require Respondent to supplement the record and their briefing, as set forth below.

The FSA established a system of mandatory time credits for incarcerated individuals who participate in recidivism reduction programming. When it enacted the FSA's time-credit system, Congress explicitly barred certain inmates from earning or applying such credits. *See* 18 U.S.C. § 3632(d)(4)(D)-(E). The FSA provides that "[a] prisoner is ineligible to receive time credits under [the FSA] if the prisoner is serving a sentence for a conviction under any of" 68 enumerated provisions of law. § 3632(d)(4)(D); *see also* 28 C.F.R. § 523.41(d)(2) ("If the inmate

is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the

inmate is not eligible to earn FSA Time Credits." (emphasis in original)). Among the exclusions

are certain convictions under the Controlled Substances Act, 21 U.S.C. § 841. *See* 18 U.S.C. §

3632(d)(4)(D)(lviii), (lxv-lxviii).

The exception at issue here is 18 U.S.C. § 3632(d)(4)(D)(lviii), which makes an inmate

ineligible for FSA credits if he was convicted of specific drug offenses where death resulted.

According to the that provision, "[a] prisoner is ineligible to receive time credits under this

paragraph if the prisoner is serving a sentence for a conviction under . . . .

> (lviii) Section 401(a) of the Controlled Substances Act (21 U.S.C.
> 841), relating to manufacturing or distributing a controlled
> substance in the case of a conviction for an offense described in
> subparagraph (A), (B), or (C) of subsection (b)(1) of that section
> for which death or serious bodily injury resulted from the use of
> such substance.

18 U.S.C. § 3632(d)(4)(D)(lviii).

Respondent has not filed any documents from Petitioner's underlying criminal case. But

according to Respondent's Answer,

> [o]n April 17, 2002, the United States District Court for the Middle
> District of Florida sentenced Petitioner to a thirty-year term of
> imprisonment for: (1) possession with intent to distribute and
> distribution of heroin, the use of which resulted in death, in
> violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2
> (Count One); (2) possession with intent to distribute and
> distribution of heroin in violation of 21 U.S.C. § 841(a)(1),
> (b)(1)(C) (Count Two); and (3) possession with intent to distribute
> and distribution of heroin in violation of 21 U.S.C. § 841(a)(1),
> (b)(1)(C) (Count Three).

(ECF No. 8, Answer at 4 (citing Declaration of Alisha Gallagher ("Gallagher Decl.") ¶ 4, Exs. 1

at 2)).[1] Respondent contends that "the BOP reviewed Petitioner's eligibility to earn FSA time

---

[1] The cited exhibits are BOP documents that provide Petitioner's projected release date and indicate that he is ineligible for FSA credits.

2

credits and determined that his conviction for possession with intent to distribute heroin and the distribution of heroin, the use of which resulted in death, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2, Count One of his judgment, precludes him from earning such time credits." (*See id.* at 7 (citing Gallagher Decl.¶ 6, Ex. 1 at 2 (Public Information Inmate Data), Ex. 2 (FSA Time Credit Assessment)). Respondent relies solely on the Gallagher Declaration and contends that Petitioner does not dispute the relevant conviction. (*Id.* at 8.)

Petitioner appears to argue, however, that he was convicted of "possession with intent to distribute," which does not fall within the relevant exclusion, and that he was initially deemed eligible for FSA credits but later disqualified. (*See* ECF No. 1, Petition at 10; ECF No. 11, Reply Brief at 1-7.) From the existing record, Petitioner's crimes of conviction are unclear. Within 30 days, Respondent shall supplement the record with certified copies of Petitioner's Indictment, Judgment of Conviction, and any other clarifying documents. Respondent shall also provide a supplemental brief addressing Petitioner's argument that his conviction does not fall within the relevant FSA exclusion. Petitioner may submit a reply brief within 30 days of his receipt of the supplemental record and briefing.

IT IS, on this ___15___ day of May 2026,

**ORDERED** that Petitioner's Motion opposing the application of Standing Order 2025-06 to is DENIED as MOOT; Petitioner's request for adjudication of his Petition is denied WITHOUT PREJUDICE because the record is not complete; and it is further

**ORDERED** that within 30 days, Respondent shall supplement the record and briefing as set forth in this Memorandum & Order and serve the exhibits and brief on Petitioner; and it is further

3

**ORDERED** that Petitioner may submit a reply brief within 30 days of his receipt of

Respondent's supplemental answer and exhibits; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum & Order

to Petitioner at the address on file.

ROBERT KIRSCH
United States District Judge

4